UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

**MARY MCANDREWS,**

    Plaintiff,

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC, a Virginia Corporation**

    Defendant

---

### COMPLAINT AND JURY DEMAND
---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant has a registered agent in Colorado located at 1535 Grant Street, Suite 140, Denver, Colorado 80203.

## PARTIES

8. Plaintiff Mary McAndrews is a natural person who resides in the City of Greeley, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. (hereinafter "Defendant CRS") is a Virginia Limited Liability Company operating from an address of 120 Corporate Blvd., Norfolk, Virginia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division.

## FACTUAL ALLEGATIONS

11. The Defendant makes automated calls to the Plaintiff seeking to recover on a debt that the Plaintiff has never owed upon.

12. The Plaintiff is a 74 year old person, who has no business relationship with the Defendant.

13. Despite being advised by the Plaintiff that she does not owe the Defendant any money, refuses to pay the Defendant any money, the Defendant continues to initiate telephone contact with the Plaintiff on a daily basis.

14. The Defendant calls several times a day, several days a week.

15. The calls being made by the Defendant are simply designed to harass, annoy and cause distress to the Plaintiff.

16. The actual number of telephone calls will become apparent in the discovery phase of this case.

17. Because of the ongoing and harassing nature of the contact by the Defendant the Plaintiff is annoyed and often does not answer incoming telephone calls where caller ID is not recognized by the Plaintiff.

18. The Defendant has told the Plaintiff that they are seeking to collect on a default cellular telephone account.

19. The Plaintiff has only one cellular telephone, the account of which is current and is not in collections.

20. The Plaintiff has advised the Defendant repeatedly to stop contacting her and that she is not responsible for whatever debt the Defendant is trying to collect.

21. The FDCPA prohibits a debt collector from making repeated telephone calls or engaging in repeated conversations with consumers, see 15 U.S.C. §1692d(5).

22. The FDCPA prohibits a debt collector from using false, deceptive or misleading information in attempting to collect a debt, see 15 U.S.C. §1692e.

23. The Defendant has actual notice that the Plaintiff disputes the debt, is unwilling to make any payment on the debt and thus the only possible explanation for the ongoing communication is harassment by the Defendant.

24. The FDCPA prohibits a debt collector from harassing a consumer, see 15 U.S.C. §1692d.

### *Respondeat Superior Liability*

25. The acts and omissions of the individual collectors, acting as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

26. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

28. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **TRIAL BY JURY**

32.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
**Attorney for Plaintiff**